## Gust Gottfred v. Gilbert Woodruff.

1. PARTIES—*When Not Concluded.*—A person is not concluded by proceedings in chancery for an accounting to which he is not a party.

96    295
s193s 491
96    295
s193s 491

**Bill for an Accounting.**—Error to the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

**Statement.**—Plaintiff in error filed in the court below a bill for an accounting in which he set forth that on September 21, 1893, he borrowed of the Rockford National Bank $700, and gave to said bank therefor his collateral note, together with the collateral mentioned in said note; that said note has never been paid, but was renewed from time to time until the 4th day of June, 1898, upon which day the last extension of the same was made, and at which time he delivered to said bank his other collateral note; that said note then given was for the principal sum of $895.80, which said sum, together with interest thereon at the rate of seven per cent per annum, remained due and unpaid at the time of the filing of said bill; that on the 29th day of September, 1893, he executed to one Gilbert Woodruff, of Rockford, Illinois, a deed conveying lot 20 in block 12 of Gottfred's subdivision of the city of Rockford, to said Gilbert Woodruff, the same being made to him in trust for the said Rockford National Bank, and as additional security for the indebtedness represented by said note bearing date September 29, 1893, and renewals thereof; that at the time of said conveyance there was upon said lot a dwelling house erected by one John Olson at a

cost of $1,200; that said Olson was, at the time of such conveyance, the equitable owner of said lot, under an assignment of an agreement for a deed with the complainant, but that said Olson did not fully pay for the materials used in the construction of said house built thereon, nor did he pay the complainant the purchase price agreed to be paid for said lot: that the lumber used in the construction of the house built upon said lot by said Olson was bought in part of Woodruff & McGuire Company, of Rockford, Illinois; that in order to obtain pay for the lumber so furnished by it to said Olson, the Woodruff & McGuire Company filed a bill in the Circuit Court of Winnebago County, Illinois, for the purpose of establishing a lien upon said house and lot, " and that during the pendency of said cause the complainant requested Gilbert Woodruff to file a motion in said cause asking to be made a party defendant therein, for the purpose of enforcing the rights of your orator in the subject-matter of said cause; and that in pursuance thereof said Gilbert Woodruff obtained leave of the court to answer in said cause." " That a decree was rendered in said cause which provided in substance that the said premises should be sold under order of the court, and the proceeds of the sale disbursed as follows : first, to the payment of the costs in said cause; second, to the payment to Gilbert Woodruff of the amount found therein to be his due as purchase money of said lot under said agreement between your orator, Gust Gottfred, and said Olson; third, the balance, if any, to the Woodruff & McGuire Company." That a sale of said premises under said decree was made on the 20th day of March, 1897, and that at such sale the said premises involved in said cause were bid off by William F. Woodruff, a son of Gilbert Woodruff, for the sum of $400, and that the time to redeem from said sale has expired, and no redemption has been made; that the said William F. Woodruff did not pay the amount of the bid at said sale, but only paid the costs thereof, and produced a receipt from said Gilbert Woodruff, directed to the master in chancery, showing that he, said Gilbert Woodruff, had received his full pay

under said decree. The complainant charges that said receipt was simply a matter of form to satisfy the master, and that Gilbert Woodruff received no money whatever thereof; that on the 7th day of July, 1898, said Gilbert Woodruff caused the said dwelling house on said lot to be removed therefrom to another lot, the property of said Gilbert Woodruff; that said Gilbert Woodruff has not accounted to plaintiff in error, Gust Gottfred, for the value of said premises, and the bank holds the note of plaintiff in error for its full amount; that at the time plaintiff in error executed and delivered to said Gilbert Woodruff the deed of said lot 20 in block 12 of Gottfred's subdivision, he, plaintiff in error, was in actual possession of said premises, and so remained until the time that said Gilbert Woodruff caused the said house to be removed from the said lot upon which it was built; that the said Gilbert Woodruff thereafter conveyed said lot 20 in block 12 of Gottfred's subdivision in exchange for other property, " and has not accounted to plaintiff in error for the property by him so received, nor accounted to the Rockford National Bank on account of the same," and that Woodruff has collected rent from said house at the rate of $10 per month for eighteen months. " That plaintiff in error has demanded of said Gilbert Woodruff that he make payment to the Rockford National Bank of the present value of said dwelling house, which plaintiff in error insists is the sum of one thousand dollars, together with the proceeds of the sale of said lot 20, but that said Gilbert Woodruff has refused so to do."

Therefore plaintiff in error asks that an accounting be had to determine the " fair cash value " of the property " received by Gilbert Woodruff in exchange for said lot 20 in block 12 of Gottfred's subdivision," and also an accounting be had to determine the amount of rents received by Gilbert Woodruff from the property received by him in exchange for said lot 20 in block 12, and the amount of rents received by said Gilbert Woodruff from the dwelling house located upon lot 13 in block 3 of Woodruff's subdivision, and also an accounting be had to determine the fair

cash value of lot 13 in block 3 of Woodruff's subdivision; and 'that said Gilbert Woodruff be ordered to pay to the Rockford National Bank the sums of money found to be due plaintiff in error from said Gilbert Woodruff, and for other and further relief.

Defendant in error demurred to the said bill, which demurrer was sustained by the court.

B. A. KNIGHT, attorney for plaintiff in error.

R. K. WELSH, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It appears from the plaintiff in error's bill that the lot by him conveyed to defendant in error as security for plaintiff in error's indebtedness to the Rockford National Bank, was with the consent of plaintiff in error sold by the master to satisfy a lien obtained in a mechanic's lien proceeding, and that at said sale the said premises were bid off and sold to a son of defendant in error for the sum of $400. The defendant in error was, by the procurement of plaintiff in error, a party to said suit, and, without objection then or now of plaintiff in error, a decree was made, under which whatever sum was due "defendant" in error on account of the purchase money of said lot under the agreement between Gottfred and Olson was to be paid to defendant in error. What such amount was, and what sum under the decree was to be paid to defendant in error, does not appear. Whether the purchaser at said sale, William F. Woodruff, actually paid the purchase price, $400, is immaterial. If Gilbert Woodruff gave a receipt for such sum he is bound thereby, and bound to apply such sum in accordance with the agreement between him and plaintiff in error. The purchaser at said sale, the same not having been redeemed from, by virtue thereof became the owner of said lot, free and clear of any claim thereto of either plaintiff in error or defendant in error, and either has received a deed or is entitled to one.

Plaintiff in error does not complain of the terms of said

decree, and was apparently satisfied therewith.   Under such decree the proceeds of the master's sale of said lot would be applied, first, to the payment of costs in said cause; second, to the payment to Gilbert Woodruff of the amount found therein to be his due as purchase money of said lot under said agreement between defendant in error and said Olson. If, by such decree, it was meant that Gilbert Woodruff should pay toward the satisfaction of plaintiff in error's note to the Rockford National Bank the amount of purchase money due under the agreement between plaintiff in error and Olson, the plaintiff in error should have clearly set such fact forth in the present bill.   So far as appears, whatever money under the agreement between plaintiff in error and Olson was yet to be paid, was due to Gilbert Woodruff in his own right, and not as a trustee; but if, by the provisions of said decree, it was meant that whatever purchase money of said lot was still due to the plaintiff in error from said Olson was to be paid to Gilbert Woodruff as trustee for plaintiff in error, and the Rockford National Bank, under the conveyance made by plaintiff in error to Gilbert Woodruff, for the purpose of securing the indebtedness of plaintiff in error to the Rockford National Bank, then the bill should have charged that the amount received by him, or receipted for by him, on account of such master's sale, has not been paid by him to the Rockford National Bank in reduction of plaintiff in error's note thereto; but nothing of the kind is alleged in the bill unless argumentatively. It is charged that Gilbert Woodruff has not accounted to plaintiff in error for the value of said premises, nor to the Rockford National Bank for the value of the same.   Defendant in error was not bound to account to plaintiff in error, or to the Rockford National Bank, for the value of said premises, but in any event only for what he actually received as the proceeds of the master's sale, which amount, as heretofore stated, for anything that appears, he has accounted for.   The claim of plaintiff in error that defendant in error should account for the full value of the lot and house thereon sold at the master's sale, seems to be

based upon the contention that William Woodruff, the purchaser at said sale, did not actually pay to the master the sum of $400 for which such property was sold to him. This is immaterial. The master had a right, after the payment of costs, to receive as payment the receipt of defendant in error for whatever sum was found to be due and ordered to be paid to him by the terms of said decree. Apparently the sum due from plaintiff in error to the Rockford bank was largely in excess of anything that can have been received by defendant in error as the proceeds of said sale. If the plaintiff in error desired to have defendant in error account to the Rockford bank for that which defendant in error had received as proceeds of said sale, the bank should have been made a party to the bill. It is manifest that the bank could not be concluded by proceedings for an accounting to which it was not a party.

The decree of the Circuit Court is affirmed.